UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS PARTRIDGE,

                Plaintiff,

-against-

BLACK ROCK LLC; LARRY FINK; ROBERT S. KAPITO; PHILIPP HILDEBRANDE,

                Defendants.

25-CV-0696 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his rights under the federal Copyright Act. Plaintiff may also be attempting to assert state law claims of breach of contract.[1] Named as Defendants are Black Rock, LLC, which Plaintiff describes as a "[f]inancial institution" (ECF 1, at 1); Black Rock Owner and Chairman Larry Fink; Black Rock President Robert S. Kapito; and Black Rock Vice Chairman Philipp Hildebrand. By order dated March 4, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff submitted the complaint without a signature. By order dated January 29, 2025, the Court directed Plaintiff to cure that deficiency (ECF 5), which he did on February 25, 2025 (ECF 6).

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who is a resident of Decatur, Georgia, states that events giving rise to his claims occurred at the New York County Courthouse in Manhattan on November 8, 2021, and

---
September 12, 2024. The following allegations are drawn from the complaint.[2] Plaintiff states that a November 8, 2021 decision by Judge Andrea Masley in a New York State court action between Plaintiff and Authentic Brands Group LLC "has lead to an Investment company named Black Rock LLC[] contract with Authentic Brands Group LLC[] to either violate or have come to an end of the Contract on the terms of an Agreement." (ECF 1, at 5.) After the state court case, Plaintiff learned that Authentic "has new Investors" and that Black Rock's website "has changed over into the full likeness of [Plaintiff's] LLC," Cash Harbor LLC. (*Id.*) Specifically, Plaintiff alleges, "From the website color theme to the teachings and the word usage of using the word 'Cash', Black Rock is using Plaintiff Company Cash Harbor LLC as part of their business over the company website all over the world[.]" (*Id.* at 6.)

Plaintiff seeks $1 million and "50% of Ownership and Earnings of Black Rock website all over the world." (*Id.*)

Plaintiff attaches to the complaint a copy of a "Certificate of Registration" form from copyrighted.com, which indicates that Cash Harbor has registered a copyright for its "[b]rand name and logo of label." (*Id.* at 12). Plaintiff also attaches several other documents, which are illegible although they appear to have been issued by the Georgia Secretary of State with respect to Plaintiff's LLC, Cash Harbor.

## DISCUSSION

**A.     Copyright claims on behalf of Cash Harbor LLC**

To state a claim under the Copyright Act, district courts within this Circuit require a plaintiff to allege: "(1) which specific original works are the subject of the copyright claim, (2)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

that plaintiff owns the copyrights in those works, (3) that the copyrights have been [preregistered or] registered in accordance with the statute, and (4) by what acts and during what time the defendant infringed the copyright." *Conan Props. Int'l LLC v. Sanchez*, No. 1:17-CV-0162, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing, *inter alia*, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

The "Certificate of Registration" attached to the complaint appears to suggest that, to the extent anyone has registered, and therefore owns, the original works Plaintiff seeks to protect, it is Cash Harbor LLC, and not Plaintiff in his individual capacity. (*See* ECF 1, at 12.) Corporations, limited liability companies, and other artificial entities cannot proceed *pro se*. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citations omitted)); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Plaintiff, therefore, cannot bring claims on behalf of his company, Cash Harbor LLC.

Because Plaintiff does not allege facts demonstrating that he personally has registered and owns the works at the subject of his claims, he has not sufficiently pleaded the elements of a copyright infringement claim. The Court therefore dismisses Plaintiff's claims under the Copyright Act, brought on his own behalf, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The claims are dismissed without prejudice to claims brought by Cash Harbor LLC in a counseled action.

The Court grants Plaintiff leave to either replead his claims in an amended complaint that alleges facts showing that he personally is the owner of the copyright at issue, or, if Cash Harbor LLC is the owner of the copyright, to retain counsel to represent Cash Harbor LLC.

**B.    Federal contract claims**

Plaintiff also states that he is bringing "contract law" claims under 41 U.S.C. §§ 6301, 6703. Those sections of the United States Code govern contracts entered into by the federal government. Because Plaintiff alleges no facts implicating a contract with the federal government, those provisions are inapplicable to his claims.

Plaintiff also invokes Chapter 23 of Title 18 of the United States Code. That chapter provides for federal criminal liability with respect to federal contracts. Again, Plaintiff's complaint does not include any allegations with respect to a federal contract, and, even if it did, Plaintiff may not initiate the criminal prosecution of an individual in this court. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (stating that "the decision to prosecute is solely within the discretion of the prosecutor").

The Court dismisses any claims Plaintiff seeks to bring under these provisions for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Claims under state law**

It is unclear whether Plaintiff is seeking to assert any state law claims on his own behalf.[3] A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction."[4] 28 U.S.C. § 1367(c)(3).

---

[3] The Court notes that the Copyright Act "preempts state law claims asserting rights equivalent to those protected within the scope of the statute." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 93 (2d Cir. 2016).

[4] State law claims may also be brought under the court's diversity of citizenship jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first

5

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

---

allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff does not invoke the court's diversity jurisdiction. Nor does he allege facts demonstrating that the court has diversity jurisdiction of any state law claims because he does not allege the citizenship of the any of the individual defendants or the citizenship of the members of Black Rock LLC. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (stating that a limited liability company is deemed to be a citizen of each state of which its members are citizens).

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The claims brought on behalf of Cash Harbor LLC are dismissed without prejudice to such claims being brought, through counsel, by Cash Harbor LLC.

The Court grants Plaintiff 30 days' leave to either replead his claims in an amended complaint that alleges facts showing that he personally is the owner of the copyright at issue, or, if Cash Harbor LLC is the owner of the copyright, to retain counsel to represent Cash Harbor LLC.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 20, 2025
           New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge