UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS PARTRIDGE,

                Plaintiff,

        -against-

BLACK ROCK LLC; LARRY FINK, CEO;
LARRY KAPITO, PRESIDENT; PHILLIP
HILDEBRAND, VICE CHAIRMAN,

              Defendants.

25-CV-0696 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By order dated March 4, 2025, the Court dismissed the complaint, but granted Plaintiff leave to replead his claims in an amended complaint. Plaintiff filed an amended complaint on July 2, 2025, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

        In the original complaint, Plaintiff attempted to assert claims under the Copyright Act and federal claims under 41 U.S.C. §§ 6301, 6703. Plaintiff alleged that Defendant Black Rock LLC's website "has changed over into the full likeness of" Cash Harbor LLC's website, and that Black Rock LLC adopted the Cash Harbor LLC website's "color theme to the teachings and word usage of using the word 'Cash.'" (ECF 1, at 6.) In support of his claims, Plaintiff attached to the complaint a "Certificate of Registration" form from copyrighted.com, a private website, which indicated that Cash Harbor LLC, a limited liability company associated with Plaintiff, had registered its "[b]rand name and logo of label" with the website. (*See id.* at 12.) By order dated June 20, 2025, the Court dismissed the complaint. The Court held that, to the extent anyone has

registered, and therefore owns, the original works that Plaintiff is seeking to protect, it is Cash

Harbor LLC, and not Plaintiff in his individual capacity. Because Plaintiff is not an attorney, he

may not bring *pro se* claims on behalf of a limited liability company, and nothing in the

complaint suggested that Plaintiff personally registered the works in question with the United

States Copyright Office. The Court therefore dismissed Plaintiff's copyright claims without

prejudice to the copyright claims being brought by Cash Harbor LLC in a counseled action. The

Court dismissed Plaintiff's "contract law" claims under 41 U.S.C. §§ 6301, 6703 because those

statutes only apply to contracts entered into by the federal government, and it dismissed his

claims under criminal law because a plaintiff cannot initiate a criminal prosecution in a civil

action in this court. Finally, the Court declined to exercise supplemental jurisdiction of any such

claims.[1] In light of Plaintiff's *pro se* status, the Court granted Plaintiff leave to replead his claims

in an amended complaint to allege facts demonstrating that he personally owns the copyright in

question, and that Defendants infringed on that copyright.

Plaintiff filed an amended complaint on July 2, 2025. The allegations contained in the

amended complaint are substantively similar to the allegations pleaded in the original complaint.

Plaintiff alleges,

> On November 8, 2021 after Judge Andrea Masley decision in court between
> [Plaintiff] and Authentic Brands Group LLC giving Colin Kaepernick the
> Muhammad Ali Humanitarian Legacy Award presented by Beyonce Knowles
> Carter, Black Rock was one of Authentic Brands Group Investment Partners and
> has lead to a Black Rock contract between the parties to either violate or have
> come to an end of the Contract on the terms in that was Agreed.

(ECF 12, at 5.)

---

[1] The Court also noted that Plaintiff had failed to demonstrate that the Court had diversity
of citizenship jurisdiction to consider any state law claims Plaintiff may be asserting.

Plaintiff

>stumbled across that Authentic Brands Group LLC has new Investors and also
>that Black Rock website has changed over into the full likeness of my LLC
>company after Plaintiff's courtcase against Authentic Brands Group LLC. Black
>Rock has changed their website and teachings inside the company website into
>using Plaintiff company of Cash Harbor LLC into their favor.

(*Id.*) He states that the Black Rock website uses Cash Harbor's website's "color theme" and "the word usage of using the word 'Cash.'" (*Id.* at 6.)

Plaintiff asserts that he should be able to assert claims on behalf of Cash Harbor because he is its "founder" and it is his "personal company" (*Id.* at 5.)

## DISCUSSION

The Court dismisses the amended complaint for the same reasons it dismissed the original complaint. As a nonlawyer, Plaintiff can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").

Plaintiff argues that he can assert claims on Cash Harbor LLC's behalf because he is the sole member of the limited liability company. However, "a sole member limited liability company is a distinct legal entity that is separate from its owner." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 1991). Thus, a limited liability company, including a sole-member or solely owned limited liability company, cannot appear in federal court without an attorney. *See id.* ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, a limited

liability company also may appear in federal court only through a licensed attorney." (internal

citation omitted)); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506

U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations,

and other "artificial entities" to appear in court without an attorney).

Because Plaintiff does not allege that he personally has registered and owns the works

that are the subject of his claims, he has not sufficiently pleaded the elements of a copyright

infringement claim. The Court therefore dismisses Plaintiff's copyright infringement claims for

failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). These

claims are dismissed without prejudice to Cash Harbor LLC bringing them in a counseled action.

Plaintiff also reasserts his claims under 41 U.S.C. §§ 6301, 6703 and his claims under

federal criminal law. (ECF 12, at 2.) For the reasons discussed in its June 20, 2025 order of

dismissal (ECF 11, at 5), the Court dismisses those claims for failure to state a claim on which

relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A district court may decline to exercise supplemental jurisdiction of state law claims

when it "has dismissed all claims over which it has original jurisdiction." [2] 28 U.S.C.

§ 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its

---

[2] State law claims may also be brought under the court's diversity of citizenship jurisdiction. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff does not invoke the court's diversity jurisdiction. Nor does he allege facts demonstrating that the court has diversity jurisdiction of any state law claims because he does not allege the citizenship of any of the individual defendants or the citizenship of the members of Black Rock LLC. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (stating that a limited liability company is deemed to be a citizen of each state of which its members are citizens).

early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The claims brought on behalf of Cash Harbor LLC are dismissed without prejudice to such claims being brought, through counsel, by Cash Harbor LLC.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    August 25, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge