UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS PARTRIDGE,

                Plaintiff,

      -against-                                   25-CV-0696 (LTS)

BLACK ROCK LLC; LARRY FINK, CEO;        ORDER
LARRY KAPITO, PRESIDENT; PHILLIP
HILDEBRAND, VICE CHAIRMAN,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On August 25, 2025, the Court dismissed the amended complaint for failure to state a claim on which relief may be granted.[1] (ECF 36.) The Clerk of Court entered judgment on August 26, 2025. (ECF 37.) On August 26, 2025, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 38.) On September 7, 2025, Plaintiff filed a letter stating that he is the owner of Cash Harbor LLC, and requesting that the claims brought on behalf of Cash Harbor LLC be allowed to proceed. (ECF 40.)

      The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of

---

[1] The Court dismissed any claims brought on behalf of Cash Harbor LLC without prejudice to such claims being brought, through counsel, by Cash Harbor LLC.

pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.    Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider his motion for relief under Local Civil Rule 6.3, Rule 59(e), and Rule 60(b). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 or Rule 60 if a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A). If a party files a notice of appeal before the district court disposes of such a motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Clerk of Court entered judgment on August 26, 2025. Plaintiff therefore had 28 days to file a timely motion for reconsideration. *See* Fed. R. Civ. P. 59(e). He filed his motion on September 7, 2025, within 28 days after the Court entered judgment. The Court therefore has jurisdiction to consider his request. *See* Fed. R. App. P. 4(a)(4)(B)(iv).

**B.    Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. In his motion, Plaintiff suggests that his claims brought on behalf of Cash Harbor LLC should be allowed to proceed because he is the owner of the limited liability company. However, as the Court stated in its order of dismissal, even a sole-member or solely owned limited liability company cannot appear in federal court without an attorney. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 1991). Even if Plaintiff is the sole member of Cash Harbor LLC, because he is not an attorney, he cannot bring claims on behalf of the limited liability company. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**C.    Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

As discussed above, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

### D.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that

the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 40) is denied. The Clerk of Court is directed to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 15, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge