UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS PARTRIDGE,

              Plaintiff,

       -against-

BLACK ROCK LLC; LARRY FINK, CEO;
LARRY KAPITO, PRESIDENT; PHILIP
HILDEBRAND, VICE CHAIRMAN,

              Defendants.

25-CV-0696 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On August 25, 2025, the Court dismissed the amended complaint for failure to state a claim on which relief may be granted. (ECF 36.) The Clerk of Court entered judgment on August 26, 2025. (ECF 37.) On August 26, 2025, Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit. (ECF 38.) By order dated September 15, 2025, the Court denied Plaintiff's first motion for reconsideration.[1] (ECF 41.) On January 18, 2026, Plaintiff filed a letter in which he again asks the Court to reconsider its order of dismissal and to reopen the case. (ECF 43.) The Court denies Plaintiff's request.

**DISCUSSION**

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 or Rule 60 if a notice of appeal has been

---

[1] The Court had jurisdiction to consider Plaintiff's motion for reconsideration even though he filed a notice of appeal because he filed his motion within 28 days of the Court's entering judgement. (*See* ECF 41, at 2.)

filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A).

Here, the Clerk of Court entered judgment on August 26, 2025. Plaintiff filed a notice of appeal on the same day, and that appeal is currently pending. Plaintiff filed his recent letter on January 18, 2026, more than four months after the Court entered judgment. Because Plaintiff has filed a notice of appeal, and because he filed his request for reconsideration more than 28 days after the Clerk of Court entered judgment, the Court lacks jurisdiction to consider his request.

## WARNING

Plaintiff's January 18, 2026 submission is his second attempt to seek reconsideration of the Court's dismissal of this action. This action is closed. The Court warns Plaintiff that if he continues to file meritless motions in this closed action, the Court will direct him to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 43) is denied.

The Court warns Plaintiff that if he continues to file meritless motions in this closed action, the Court will direct him to show cause why he should not be barred from filing additional documents in this action except for documents directed to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 5, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge